**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 34**

Docket No. AT-315H-15-0196-I-1

**Constance A. West,**

**Appellant,**

**v.**

**Department of Health and Human Services,**

**Agency.**

April 30, 2015

Constance A. West, Lithonia, Georgia, pro se.

Corey Thompson, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5

of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective November 17, 2013, the agency appointed the appellant to a GS-13 Health Scientist position, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 20. On October 31, 2014, while the appellant was still serving her probationary period, the agency notified her that she would be terminated from her position, effective November 13, 2014, due to her failure to demonstrate an acceptable level of performance. IAF, Tab 1 at 10-11.

¶3 On December 8, 2014, the appellant filed an appeal with the Board alleging that she was terminated for pre-appointment reasons and that the agency failed to afford her the procedural protections of 5 C.F.R. § 315.805. IAF, Tab 1 at 5. The administrative judge issued an order informing the appellant, as a probationary employee, of her burden to establish Board jurisdiction and ordered her to file evidence and argument proving that her appeal was within the Board's jurisdiction. IAF, Tab 3 at 2-4.

¶4 In response, the appellant contended that her termination was based on conditions arising before her appointment because a memorandum from her supervisor to the division director recommending her termination for failure to demonstrate acceptable performance during her probationary period also referred to her supervisor's concerns about hiring the appellant due to her lack of certain prior work experience. IAF, Tab 7 at 4, 6. Specifically, her supervisor noted that, even though a panel of senior scientists had recommended the appellant for the position, she had concerns about hiring her because the appellant had no

peer-reviewed first author publications, no HIV-related publications, only one HIV-related poster presentation and HIV-related oral presentation, and no peer-reviewed publications in any subject matter since 1996. *See id.* at 6. According to the appellant's supervisor, she discussed these limitations with the appellant's references and, despite these limitations, decided to hire the appellant and use the probationary period to determine her fitness for the position. *See id.*

¶5    Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appellant's appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). The administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency terminated her for pre-appointment reasons because the agency noted the shortcomings in the appellant's prior experience simply as background information to put her performance-based termination in context and not as independent reasons for her termination. ID at 5.

¶6    The appellant has filed a petition for review in which she challenges the administrative judge's finding that she was not terminated for pre-appointment reasons.[1] Petition for Review (PFR) File, Tab 1 at 8-10, 12-13. Specifically, the appellant contends that the administrative judge erred in finding that her pre-appointment work experience deficiencies referenced in the memorandum recommending her termination were provided solely as context for her performance-based termination and not as additional reasons for her termination. *Id.* The appellant also disputes that her performance during her probationary period was unsuccessful and submits, for the first time on review, an email from her supervisor showing positive feedback regarding her work performance, which

---

[1] Although the filing deadline for the appellant's petition for review was February 16, 2015, the Clerk of the Board found in a February 20, 2015 notice that the February 18, 2015 petition for review was timely filed because February 16, 2015, was a federal holiday and the Board's offices were closed on February 17, 2015, due to inclement weather. *See* Petition for Review File, Tab 3.

she contends constitutes new and material evidence.[2]  *See id.* at 11-12, 22. Lastly, the appellant asserts that the administrative judge erred in failing to provide her with the procedural protections of 5 C.F.R. § 315.805, to which she claims she is legally entitled.  *See id.* at 7-8.  The agency has filed an opposition to the appellant's petition, and she has filed a reply.  PFR File, Tabs 4-5.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶7    When an agency terminates a probationary employee for reasons based in whole or in part on conditions arising before her appointment, it must follow the procedures set forth in 5 C.F.R. § 315.805.  A probationer whose termination is subject to 5 C.F.R. § 315.805 may appeal her termination to the Board on the ground that it was not effected in accordance with these procedural requirements. 5 C.F.R. § 315.806(c).  In such appeals, the merits of the agency's decision are not before the Board.  *Hope v. Department of the Army*, 108 M.S.P.R. 6, ¶ 7 (2008).  Rather, if an appellant nonfrivolously alleges that she was terminated based in whole or part on pre-appointment reasons, and that the agency failed to afford her the procedural protections of 5 C.F.R. § 315.805, then the Board has jurisdiction to determine whether the agency, in fact, failed to follow the procedures of 5 C.F.R. § 315.805, and, if so, whether such procedural error was harmful.  *See Hope*, 108 M.S.P.R. 6, ¶ 7; *see also Pope v. Department of the Navy*, 62 M.S.P.R. 476, 479 (1994).  If there was harmful error, the agency action

---

[2] We find that this document does not constitute new and material evidence under 5 C.F.R. § 1201.115(d) because it would not warrant an outcome different from that of the initial decision to the extent it relates to the merits of the agency's termination action and not to the threshold issue of the Board's jurisdiction.  *See Le v. U.S. Postal Service*, 114 M.S.P.R. 430, ¶ 6 (2010); *see also Kellum v. Veterans Administration*, 2 M.S.P.R. 65, 67 (1980) (finding that the sufficiency and propriety of the agency's misconduct allegation concerns substantive issues that are immaterial to the appeal, unless the Board has jurisdiction over the probationary termination).

must be set aside.  *Banghart v. Department of the Army*, [96 M.S.P.R. 453](), ¶ 6 (2004), *aff'd*, 137 F. App'x 350 (Fed. Cir. 2005).

¶8        Based upon our review of the record, we discern no reason to disturb the administrative judge's well-reasoned findings that the appellant failed to nonfrivolously allege that the agency terminated her for pre-appointment reasons and that the Board therefore lacks jurisdiction over her appeal.  The record below reflects that the agency's stated reason for terminating the appellant was unsatisfactory performance during her probationary period, a post-appointment reason.  IAF, Tab 5 at 12; *see Walker v. Department of the Army*, [119 M.S.P.R. 391](), ¶ 14 (2013) (finding that pre-appointment reasons, or "conditions arising before appointment," include matters such as falsification of an employment application and omitting information during a pre-employment interview; they do not include post-appointment performance or conduct deficiencies).  The agency provided supporting evidence, including a memorandum from the appellant's supervisor to the division director summarizing the appellant's failure to meet certain deadlines on four separate occasions as well as documentation relating to the appellant's mid-year performance assessment which identified performance deficiencies.  IAF, Tab 5 at 16-19.  As a result, because the appellant was terminated for post-appointment reasons, she was not entitled to the procedural protections of [5 C.F.R. § 315.805]().

¶9        We find unavailing the appellant's claim that the agency's reference to pre-appointment concerns about hiring her for the position in spite of her lack of certain qualifications shows that the agency terminated her based on conditions arising pre-appointment.  PFR File, Tab 1 at 8-10.  Notwithstanding its concerns regarding the appellant's prior experience, the agency hired the appellant and properly used the probationary period to determine her ability to perform the job

duties of the position.[3]  Thus, we agree with the administrative judge that the record reflects that the agency did not terminate the appellant due to the noted shortcomings in her prior experience but, rather, because of her poor performance during her probationary period.  *See* ID at 5.

¶10        Further, as the administrative judge correctly found, the Board distinguishes between a pre-existing condition and the effect that condition has on an employee's performance during her probationary period.  *See Von Deneen v. Department of Transportation*, 33 M.S.P.R. 420, 423, *aff'd*, 837 F. 2d 1098 (Fed Cir. 1987) (Table); *see also* ID at 4-5.  Even if the appellant's lack of prior experience were an indirect factor in the termination decision, it only would be because of its effect on her post-appointment performance and thus would not constitute a pre-appointment reason.  *See Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 8 (2010) (even assuming that the appellant's failure to qualify for a credit card was attributable to his pre-appointment credit history, his termination for failure to secure approval for a government credit card nonetheless would constitute a post-appointment reason for termination); *see also Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 8 (2013) (poor performance caused by pre-appointment  medical condition is actually a post-appointment reason for termination); *Holloman v. Department of the Navy*, 31 M.S.P.R. 107, 109-10 (1986) (attendance problem caused by pre-existing medical condition is a post-appointment reason for termination).  Accordingly, we conclude that the administrative judge properly dismissed the appeal for lack of jurisdiction.

[3] The appellant argues that there are policy reasons why there should be broader appeal rights for probationary employees.  PFR File, Tab 1 at 16-19.  However, probationary employees are purposely afforded limited appeal rights to keep the civil service free from prohibited personnel practices while also ensuring that agencies can utilize the probationary period to determine whether an appointment should become final.  Office of Policy and Evaluation, U.S. Merit Systems Protection Board, The Probationary Period:  A Critical Assessment Opportunity, i-ii (2005).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.